1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

ABDULLAH SILLAH,                                      )
                                                                        )
                              Plaintiff,                              )
                                                                        )
        v.                                                            )        Case No.: 14-CV-01960-LHK
                                                                        )
COMMAND INTERNATIONAL SECURITY   )
SERVICES, NAFEES MEMON, WAQAS        )        ORDER DENYING MOTION TO
"NICK" MEMON, and NOUSHEEN MEMON, )        DISMISS
                                                                        )
                              Defendants.                          )
_____)

        Plaintiff Abdullah Sillah ("Plaintiff") brings this action for violations of the federal Fair

Labor Standards Act and various California labor laws against Defendants Command International

Security Services ("Command International"), Nafees Memon, Waqas "Nick" Memon, and

Nousheen Memon (collectively, "Defendants"). Before the Court is Defendants' motion to dismiss

for lack of personal jurisdiction, improper venue, or, in the alternative, transfer of venue. Pursuant

to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral

argument and hereby VACATES the hearing scheduled for October 16, 2014. The October 16, 2014

case management conference remains as set at 1:30 p.m. Having considered the submissions of the

parties and the relevant law, and for good cause shown, the Court hereby DENIES Defendants'

motion to dismiss.

**I. Background**

    **A. Factual background**

Command International is a licensed California security guard company. Declaration of Waqas "Nick" Memon ("Waqas Decl.") ¶ 1. Its principal place of business is in Van Nuys, California. *Id.* Defendants Waqas "Nick" Memon, Nafees Memon, and Nousheen Memon are residents of California. *Id.* ¶ 16; Declaration of Nafees Memon ("Nafees Decl.") ¶ 16; MTD at 4. Plaintiff is also a resident of California. First Am. Compl. ¶ 6.

In or around the summer of 2013, Defendants hired Plaintiff as a security guard. Declaration of Abdullah Sillah (Plaintiff Decl.) ¶ 2. Plaintiff was assigned to work as a security guard at locations throughout California, with most of his assignments in northern California. *Id.* ¶ 3. For each of Plaintiff's assignments, Defendants provided Plaintiff with a trailer to live in that was located on the work site. *Id.* ¶ 3. Prior to February 2014, Plaintiff's biweekly salary was $1,100. *Id.* In around February of 2014, Defendants assigned Plaintiff to provide security services in San Jose, California. *Id.* ¶ 4. Plaintiff's hours were from 6 p.m. to 8 a.m., Monday through Friday, and 24 hour shifts on Saturday and Sunday. *Id.* During Plaintiff's assignment in San Jose, Plaintiff's biweekly salary was $1,200. *Id.*

On April 29, 2014, Plaintiff filed an original Complaint against Defendants, alleging violations of the federal Fair Labor Standards Act ("FLSA") and various California statutes. ECF No. 1. Plaintiff alleges that a few days later, Plaintiff received a call from Mr. Salah Ali, a recruiter for Defendants, "telling [Plaintiff] to drop the lawsuit." Plaintiff Decl. ¶ 6. On May 5, 2014, a man showed up at Plaintiff's trailer and informed Plaintiff that "the boss wanted to talk to [Plaintiff] and they wanted [Plaintiff] to leave. *Id.* ¶ 7. Immediately after, Plaintiff received a phone call from Mr. Ali, informing Plaintiff that Plaintiff had to leave immediately and had one hour to pack up the trailer and move out. *Id.* Plaintiff requested more time to vacate the trailer, but Mr. Ali only gave Plaintiff an additional hour. *Id.* After Plaintiff's eviction and termination, he was homeless for two weeks. *Id.* ¶ 8. Plaintiff received his last paycheck from Defendants on May 6, 2014. *Id.* ¶ 9.

United States District Court
For the Northern District of California

**B.  Procedural History**

Plaintiff filed an original Complaint on April 29, 2014. ECF No. 1. Plaintiff filed a First Amended Complaint ("FAC") on May 8, 2014. Defendants filed a motion to dismiss for lack of personal jurisdiction, improper venue, or alternatively, for transfer of venue on June 5, 2014. ("MTD") ECF No. 11. Plaintiff filed his opposition on June 19, 2014. ("Opp'n") ECF No. 19. Defendants did not file a reply.

**II. Discussion**

Defendants contend that Plaintiff's FAC should be dismissed because (1) the Court lacks personal jurisdiction and (2) venue is improper in the Northern District of California. In the alternative, Defendants request that the Court transfer this action to the Central District of California under 28 U.S.C. § 1404. The Court addresses each argument below.

**A.  Rule 12(b)(2)**

Defendants move to dismiss pursuant to Rule 12(b)(2) on the grounds that the Court lacks personal jurisdiction over each of them. When a defendant moves to dismiss for lack of personal jurisdiction, "the plaintiff bears the burden of demonstrating that jurisdiction is appropriate." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). Because the Court has not conducted an evidentiary hearing, Plaintiff "need only make a prima facie showing of jurisdictional facts." *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990). At this stage of the proceeding, uncontroverted facts contained in the FAC are taken as true, and "[c]onflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor." *Schwarzenegger*, 374 F.3d at 800.

There are three traditional bases for personal jurisdiction: physical presence, domicile, and consent. *See, e.g.*, *Martin v. D-Wave Sys., Inc.*, No. 09-3602, 2009 WL 4572742, at *1–2 (N.D. Cal. Dec. 1, 2009). A person is "domiciled" "in a location where he or she has established a fixed habitation or abode in a particular place, and [intends] to remain there permanently or indefinitely." *Lew v. Moss*, 797 F.2d 747, 749–50 (9th Cir. 1986) (internal quotation marks omitted). As a general matter, determination of an individual's domicile involves evaluating the individual's "current

3

residence, voting registration and voting practices, location of personal and real property, location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, place of employment or business, driver's license and automobile registration, and payment of taxes." *Id.* at 750. A corporation "shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1); *see also Patton v. Schenider Nat. Carriers, Inc.*, No. 09-1010, 2009 WL 545779, at *2 (C.D. Cal. Mar. 3, 2009).

Here, Defendants affirmatively argue that they are domiciled in Los Angeles County, California. Waqas Decl. ¶ 16; Nafeen Decl. ¶ 16; MTD at 4. Defendants further state that Command International's principal place of business is located in Van Nuys, California. MTD at 3; Waqas Decl. ¶ 1; Nafeen Decl. ¶ 1. Defendants appear to be under the misapprehension that the Court cannot exercise personal jurisdiction over Defendants because their domiciles and principal place of business fall within the Central District of California. *See* MTD at 5–7. However, the personal jurisdiction of a district court extends to a defendant domiciled anywhere in the forum state. *See, e.g.*, *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414–16 (1984); *Blackwell v. Robinson*, No. 12-04329, 2013 WL 1501477, at *4 (N.D. Cal. Apr. 10, 2013); *Nissan Motor Co., Ltd. v. Nissan Computer Corp.*, 89 F. Supp. 2d 1154, 1158 (C.D. Cal. 2000). Whether Defendants reside within a different judicial district of the same state is irrelevant to whether the Court may properly exercise personal jurisdiction over resident Defendants. Defendants' argument is based on the false premise that the Central and Northern Districts of California should be treated like two different states. Defendants cite no authority for this novel proposition, which the Court concludes is incorrect as a matter of law.

In light of the individual Defendants' affirmative assertions that they are domiciled in the state of California, and Defendant Command International's assertion that its principal place of business is in the state of California, the Court may properly exercise personal jurisdiction over all Defendants. Accordingly, the Court DENIES Defendants' motion to dismiss for lack of personal jurisdiction.

4

1

2        **B.  Rule 12(b)(3)**

3              Defendants argue that venue in the Northern District of California is improper because they

4        reside in a different judicial district. The Court addresses this argument below.

5              Under Federal Rule of Civil Procedure 12(b)(3), a defendant may move to dismiss a

6        complaint for improper venue. Once the defendant has challenged the propriety of venue in a given

7        court, the plaintiff bears the burden of showing that venue is proper. *Piedmont Label Co. v. Sun*

8        *Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979). When considering a motion to dismiss

9        pursuant to Rule 12(b)(3), a court need not accept the pleadings as true and may consider facts

10       outside of the pleadings. *Murphy v. Schneider National, Inc.*, 362 F.3d 1133, 1138 (9th Cir. 2004).

11       Pursuant to 28 U.S.C. § 1406(a), if the court determines that venue is improper, the court must

12       either dismiss the action or, if it is in the interest of justice, transfer the case to a district or division

13       in which it could have been brought. Whether to dismiss for improper venue, or alternatively to

14       transfer venue to a proper court, is a matter within the sound discretion of the district court.  *See*

15       *King v. Russell*, 963 F.2d 1301, 1304 (9th Cir. 1992).

16             Defendants have moved to dismiss for improper venue, or in the alternative to transfer venue

17       to the Central District of California. Because subject matter jurisdiction in this case is based on

18       federal question jurisdiction, venue is governed by 28 U.S.C. § 1391(b). Under § 1391(b), a civil

19       action may be brought:

20              only in (1) a judicial district where any defendant resides, if all defendants reside in
                the same State, (2) a judicial district in which a substantial part of the events or
21              omissions giving rise to the claim occurred, or a substantial part of property that is
                the subject of the action is situated, or (3) a judicial district in which any defendant is
22              subject to personal jurisdiction at the time the action is commenced, if there is no
                district in which the action may otherwise be brought.
23

24       Defendants correctly argue that Plaintiff cannot show proper venue under § 1391(b)(1). However,

25       Defendants misunderstand § 1391(b). A plaintiff need not satisfy all three factors because they are

26       listed in the disjunctive. The fact that Plaintiff cannot show that any Defendant resides in the

27       Northern District of California is not determinative of whether venue is proper in this District.

28

5

Here, Plaintiff argues that venue is proper under § 1391(b)(2) because a substantial part of the events or omissions giving rise to his claims occurred in this District. *See Myers v. Bennett Law Offices*, 238 F.3d 1068, 1075 (9th Cir. 2001). Plaintiff alleges that Defendants assigned him to a security guard position in San Jose, a city in this District. Plaintiff Decl. ¶ 3. Plaintiff worked for Command International in San Jose for several months, during which Defendants allegedly denied Plaintiff meal and rest breaks, overtime pay, and violated the minimum wage. *Id.*; FAC ¶¶ 11, 12, 42, & 47. Plaintiff further alleges that Defendants retaliated against him after Plaintiff filed a complaint against Defendants by threatening him through an agent, Mr. Ali, and terminating Plaintiff's employment. *Id.* ¶ 7. Moreover, Plaintiff's allegedly wrongful termination and eviction occurred in San Jose. *Id.* In light of Plaintiff's allegations that significant events material to his claims took place in this District, the Court finds that Plaintiff has shown venue is proper under § 1391(b)(2). *See Myers*, 238 F.3d at 1075–76; *Toy v. Gen. Elec. Co.*, No. 95-20060, 1995 WL 396848, at *2 (N.D. Cal. June 27, 1995) (finding venue to be proper in district where plaintiff was employed and terminated).

Accordingly, the Court DENIES Defendants' motion to dismiss for improper venue.

### C.  Transfer of Venue Under 28 U.S.C. § 1404

Defendants argue, in the alternative, that the Court should transfer this action to the Central District of California pursuant to 28 U.S.C. § 1404. The Court addresses this argument below.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). In the Ninth Circuit, the district court has discretion to transfer under § 1404(a), depending on a "case-by-case consideration of convenience and fairness." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (internal citation and quotation marks omitted). The Court must consider public factors relating to "the interest of justice" and private factors relating to "the convenience of the parties and witnesses." *See Decker Coal Co. v. Commonwealth*

6

*Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). Such factors may include: (1) the location where relevant agreements were negotiated and executed; (2) the state that is most familiar with the governing law; (3) the plaintiff's choice of forum; (4) the parties' contacts with the forum; (5) the contacts relating to the plaintiff's cause of action in the chosen forum; (6) the differences in the costs of litigation in the two forums; (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses; (8) the ease of access to sources of proof; (9) the presence of a forum selection clause; and (10) the relevant public policy of the forum state, if any. *Jones*, 211 F.3d at 498–99. The moving party bears the burden of showing that transfer is appropriate. *Jones*, 211 F.3d at 499.

Transfer under § 1404(a) is only appropriate if the action could properly have been brought in the transferee venue. When deciding whether to transfer venue, the Court "must balance the preference accorded plaintiff's choice of forum with the burden of litigating in an inconvenient forum." *Id.* Plaintiff does not contest that this action could have been brought in the Central District of California, as all Defendants apparently reside in the Central District. However, Plaintiff has chosen to bring this action in this District because he resides in San Jose and events material to his claims occurred in this District. Generally, the plaintiff's choice of forum is treated with great deference, and only significant inconvenience or unfairness will justify transfer. *See Creative Tech., Ltd. v. Aztech Sys.*, 61 F.3d 696, 703 (9th Cir. 1995); *see also Shultz v. Hyatt Vacation Mktg. Corp.*, No. 10-4568, 2011 WL 768735, at *3 (N.D. Cal. Feb. 28, 2011). As the Court found above, a substantial part, if not all, of the events giving rise to Plaintiff's claims occurred in this District, and his choice of forum is therefore accorded substantial weight and great deference. *See Shultz*, 2011 WL 768735, at *3. Therefore, Defendants must show significant unfairness or inconvenience to justify transferring venue. *See id.*

As to the private factors, Defendants contend that it would be inconvenient and burdensome to litigate this case in the Northern District because they reside in the Central District, as do the

7

Case No.: 14-CV-01960-LHK
ORDER DENYING MOTION TO DISMISS

**United States District Court**
For the Northern District of California

witnesses and relevant documents. *See* MTD at 10. However, Defendants fail to identify any witnesses, their proposed testimony, or any reason why witnesses would be unwilling to appear in this District. *See Florens Containers v. Cho Yang Shipping*, 245 F. Supp. 2d 1086, 1093 (N.D. Cal. 2002). Furthermore, Plaintiff contends that witnesses to Plaintiff's work in San Jose and the alleged retaliation and eviction reside in this District. While it might be inconvenient for Defendants to travel to the Northern District, the Court must also weigh the inconvenience of travel to the Central District to Plaintiff, given that he resides in San Jose, and the witnesses to Plaintiff's work, retaliation, and eviction in San Jose. *See Singer v. Nederland-Greek, Inc.*, No. SACV021195, 2003 WL 24275213 (C.D. Cal. June 13, 2003) ("[T]ransferring the case . . . would merely shift that inconvenience to Plaintiff. The venue transfer provisions of § 1404(a) are not meant to merely shift the inconvenience to the plaintiff."). Moreover, "technological advances in document storage and retrieval mitigate the burdens of transporting documents, if any," from the Central to Northern District of California. *Chesapeake Climate Action Network v. Export-Import Bank of the United States*, No. 13-03532, 2013 WL 6057824, at *3 (N.D. Cal. Nov. 15, 2013). Defendants have shown only a marginal inconvenience, which is insufficient to "warrant[] upsetting the plaintiff's choice of forum." *Decker Coal Co.*, 805 F.2d at 843.

As to the public factors, Defendants offer no reason why the interest of justice would favor transfer of venue. Defendants make no claims regarding public factors such as court congestion, local interests in local controversies, application of foreign law, and the unfairness of burdening citizens in an unrelated forum with jury duty. *See id.* The Court concludes these factors are not implicated here. Defendants argue that "any issues concerning 'Wage and Employment Violations' should and must be adjudicated utilizing the Central District of California," but that is a misstatement of law and fact. There is no requirement that "Wage and Employment Violations" be adjudicated only in the Central District, as vividly illustrated by the dockets of the district courts in the Northern, Eastern, and Southern Districts of California.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

Granting proper deference to Plaintiff's choice of forum, and weighing the marginal inconvenience to Defendants and Defendants' purported witnesses against the inconvenience to Plaintiff and Plaintiff's purported witnesses, the Court concludes Defendants have failed to show that transfer of venue would be appropriate. Accordingly, the Court denies Defendants' motion to transfer venue to the Central District of California pursuant to § 1404.

## III. Conclusion

For the foregoing reasons, the Court DENIES Defendants' motions to dismiss for lack of personal jurisdiction and improper venue. The Court also DENIES Defendants' motion to transfer venue.

**IT IS SO ORDERED.**

Dated: October 13, 2014

*Lucy H. Koh*
_____
LUCY H. KOH
United States District Judge

Case No.: 14-CV-01960-LHK
ORDER DENYING MOTION TO DISMISS