UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ABDULLAH SILLAH,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>COMMAND INTERNATIONAL SECURITY SERVICES, et al.,<br><br>　　　　　Defendants. | Case No. 14-CV-01960-LHK<br><br>**ORDER GRANTING UNOPPOSED MOTION FOR ATTORNEY'S FEES AND COSTS**<br><br>Re: Dkt. No. 110 |

Before the Court is Plaintiff Abdullah Sillah's ("Plaintiff") Motion for Attorney's Fees and Costs. ECF No. 110. Defendants Command International Security Services, Nafees Memon, and Waqas Memon (collectively, "Defendants") have filed a notice that Defendants do not oppose Plaintiff's Motion for Attorney's Fees and Costs. ECF No. 112. Pursuant to Civil Local Rule 7–1(b), the Court finds the instant motion suitable for determination without oral argument. Accordingly, the Court VACATES the hearing set for March 3, 2016. Having considered the parties' submissions, the relevant case law, and the record, for the reasons discussed below, the Court GRANTS Plaintiff's Motion for Attorney's Fees and Costs.

**I. BACKGROUND**

Plaintiff brought the instant wage and hour lawsuit against Defendants for alleged

1
Case No. 14-CV-01960-LHK
ORDER GRANTING UNOPPOSED MOTION FOR ATTORNEY'S FEES AND COSTS

violations of the Fair Labor Standards Act ("FLSA") and the California Labor Code arising from Plaintiff's employment by Defendants as a security guard at various times during 2013 and 2014. ECF No. 1. Following a three-day bench trial in November 2015, the Court found Defendants were liable to Plaintiff on the following four counts: (1) failure to pay overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 207, 216(b), and 255(a); (2) failure to pay overtime wages and failure to compensate an employee for all hours worked in violation of Cal. Labor Code §§ 510, 1194, 1197, 1771, and 1774; (3) liquidated damages for failure to pay at least minimum wage for all hours worked in violation of Cal. Labor Code § 1194.2; and (4) failure to provide an itemized wage statement in violation of Cal. Labor Code § 226. ECF No. 108. The Court awarded Plaintiff damages in the amount of $83,573.15 and entered judgment in favor of Plaintiff in the amount of $83,573.15. *Id.*; ECF No. 109 (Judgment).

On January 4, 2016, Plaintiff filed the instant Motion for Attorney's Fees and Costs. ECF No. 110. On February 11, 2016, Defendants filed a notice that Defendants do not oppose Plaintiff's Motion for Attorney's Fees and Costs. ECF No. 112.

## II. LEGAL STANDARD

FLSA provides that when an employer is found to violate the provisions of 29 U.S.C. § 206, the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). Additionally, the California Labor Code provides for an award of reasonable attorney's fees to an employee who prevails in bringing an action for nonpayment of wages or for failure to pay at least minimum wage for all hours worked. *See* Cal. Labor Code § 218.5 ("In any action brought for the nonpayment of wages . . . the court shall award reasonable attorney's fees and costs to the prevailing party if any party to the action requests attorney's fees and costs upon the initiation of the action."); Cal. Labor Code § 1194 ("[A]ny employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action . . . reasonable attorney's fees, and costs of suit.").

Courts in the Ninth Circuit calculate attorney's fees using the lodestar method, whereby a

2
Case No. 14-CV-01960-LHK
ORDER GRANTING UNOPPOSED MOTION FOR ATTORNEY'S FEES AND COSTS

court multiplies "the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008) (citation omitted). A party seeking attorney's fees bears the burden of demonstrating that the rates requested are "in line with the prevailing market rate of the relevant community." *Carson v. Billings Police Dep't*, 470 F.3d 889, 891 (9th Cir. 2006) (citation omitted). Generally, "the relevant community is the forum in which the district court sits." *Camacho*, 523 F.3d at 979 (citing *Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997)). Typically, "[a]ffidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases . . . are satisfactory evidence of the prevailing market rate." *U. Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990).

### III. DISCUSSION

Plaintiff requests $62,579.30[1] in attorney's fees and $5,312.35 in costs, for a total of $67,891.65. ECF No. 110. Plaintiff has filed a declaration from Plaintiff's attorney, Huy Tran, in support of Plaintiff's Motion for Attorney's Fees and Costs. ECF No. 111. Tran's declaration states that Tran's hourly billing rate while Tran was a third-year attorney was $331, which corresponds to his firm's billing rate for second and third-year attorneys. *Id.* On June 1, 2015, Tran became a fourth-year attorney, so Tran's hourly billing rate was increased to $375, which incorporates a discount from his firm's billing rate of $406 for fourth-year attorneys. *Id.* The declaration further states that the hourly billing rate for Phung Truong, a former second-year associate at Tran's firm, was $331, the firm's billing rate for second and third-year attorneys. *Id.* The declaration states that these billing rates are based on the *Laffey* matrix,[2] with downward

---

[1] The Statement of Facts section of Plaintiff's Motion for Attorney's Fees and Costs states that Plaintiff requests $62,579.30 whereas the Conclusion section of Plaintiff's Motion for Attorney's Fees and Costs states that Plaintiff requests $64,194.82 in attorney's fees. ECF No. 110 at 3, 8. Based on the itemized timesheets and hourly billing rates provided, the total amount of attorney's fees is $62,579.30, as stated in Plaintiff's Statement of Facts.

[2] "The *Laffey* matrix is a compilation of attorney and paralegal rates in the Washington, D.C. area based on various levels of litigation experience." *Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245, 262-63 (N.D. Cal. 2015) (citing *Laffey v. Nw. Airlines, Inc.*, 572 F. Supp. 354 (D.D.C. 1983), *aff'd in part, rev'd in part on other grounds*, 746 F.2d 4 (D.C. Cir. 1984)).

3

adjustments based on prior attorney's fees awards for FLSA cases in the Northern District of California. *Id.* Attached to the declaration are itemized timesheets, which contain descriptions of each activity performed and identify time worked in increments of hundredths of an hour. *Id.* The timesheets show that in the instant case Truong billed 3.15 hours at $331 per hour, Tran billed 58.4 hours at $331 per hour, and Tran billed 112.55 hours at $375 per hour. *Id.* Additionally, an itemized list of costs is attached to Tran's declaration. *Id.*

The Court has reviewed Tran's declaration, timesheets, and itemized costs. Although the *Laffey* matrix, which is based on the District of Columbia region, does not necessarily reflect billing rates in this district, *see Prison Legal News v. Schwarzenneger*, 608 F.3d 446, 454 (9th Cir. 2010) (questioning whether the *Laffey* matrix is reliable outside the District of Columbia), the Court finds that the hourly billing rates are reasonable in the instant wage and hour case in comparison to other wage and hour cases in the Northern District of California. *See Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245, 264 (N.D. Cal. 2015) (finding that $375 per hour is a reasonable rate for an attorney four years out of law school in a wage and hour case); *Wren v. RGIS Inventory Specialists*, No. C-06-05778 JCS, 2011 WL 1230826, at *19 (N.D. Cal. Apr. 1, 2011) (finding hourly billing rates ranging from $325 to $650 were reasonable in a wage and hour case). Additionally, the Court finds that the total number of hours billed and the itemized costs are reasonable in light of the fact that the instant case involved a three-day bench trial. Moreover, Defendants have not opposed Plaintiff's Motion for Attorney's Fees and Costs. Therefore, the Court awards Plaintiff $62,579.30 in attorney's fees and $5,312.35 in costs.

**IV. CONCLUSION**

For the foregoing reasons, the Court GRANTS Plaintiff's Motion for Attorney's Fees and Costs and awards Plaintiff $62,579.30 in attorney's fees and $5,312.35 in costs.

**IT IS SO ORDERED.**

4
Case No. 14-CV-01960-LHK
ORDER GRANTING UNOPPOSED MOTION FOR ATTORNEY'S FEES AND COSTS

Dated: February 22, 2016

_____
LUCY H. KOH
United States District Judge